UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JORY LEEDY, | : | Case No. 3:25-cv-184 |
| Plaintiff, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| JOHN MCGWIRE, *et al.*, | : | |
| Defendants. | : | |

# DEFICIENCY ORDER

Plaintiff, a prisoner at the Springfield Medical Center for Federal Prisoners in Springfield, Missouri, has filed a motion for leave to proceed *in forma pauperis* in connection with a civil rights complaint relating to events alleged to have occurred in Ohio. (Docs. 1; 3). However, plaintiff's motion is incomplete and is not made on this Court's official form for incarcerated persons. (*Id.*).

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h), a prisoner seeking to bring a civil action without prepayment of fees or security therefor must submit an application and affidavit to proceed without prepayment of fees *and* a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). In this case, plaintiff's motion to proceed *in forma pauperis* does not include either a "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court, completed and signed by the institutional cashier) or a certified account statement.

Accordingly, should plaintiff wish to proceed with this matter, plaintiff is **ORDERED** to pay $405 ($350 filing fee plus $55 administrative fee) or submit a completed Application and

Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including a "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court, completed and signed by the institutional cashier), **and** a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period **within thirty (30) days** of the date of this Order.

If plaintiff fails to comply with this Order, the Court shall dismiss his case for want of prosecution. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If plaintiff's case is dismissed for failure to comply with this Order, the case will not be reinstated to the Court's active docket despite the payment of the filing fee. *Id*. Should plaintiff need additional time to comply with this Order, he should file a motion for an extension of time.

The **CLERK OF COURT** is **DIRECTED** to provide plaintiff with an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form.

The **CLERK OF COURT** is further **DIRECTED** to send a copy of this Order to the cashier of the institution at which plaintiff is confined.

**IT IS SO ORDERED.**

June 20, 2025

s/*Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge