UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JORY LEEDY, | : Case No. 3:25-cv-184 |
| Plaintiff, | : |
| vs. | : District Judge Thomas M. Rose |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| JOHN MCGWIRE, *et al.*, | : |
| Defendants. | : |

# REPORT AND RECOMMENDATION[1]

Plaintiff is a federal prisoner who pleaded guilty in 2019 to aggravated sexual abuse with children in violation of 18 U.S.C. § 2241(c). *See U.S. v. Jory Leedy*, S.D. Ohio Case No. 1:16-cr-36. He was sentenced to serve 30 years in prison, followed by 10 years of supervised release. *Id*. Plaintiff's conviction was affirmed by the United States Court of Appeals for the Sixth Circuit. *U.S. v. Leedy*, No. 21-3573 (6th Cir. Apr. 19, 2022). In this civil case, which Plaintiff filed after he was convicted, he seeks relief under 42 U.S.C. § 1983 against various local and federal officials. (Doc. 1). Plaintiff's claims therefore arise under both § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which is the federal equivalent to § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* by separate Order. (Doc. 6).

This matter, previously stayed in accordance with now expired General Order 25-04, has been referred to the undersigned Magistrate Judge for a *sua sponte* review of the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  For the following reasons, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED without prejudice** for failure to state a claim.  *See id*.

## LEGAL STANDARD

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).  Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys.  *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).  But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented."  *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible."  *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks omitted).  In the end, "basic pleading essentials" are still required.  *Wells v. Brown*, 891

F.2d 591, 594 (6th Cir. 1989).

## THE COMPLAINT

Plaintiff has filed this case against the following four defendants: Fairborn Police Department Officer John McGuire, Greene County Job and Family Services Caseworker Alina Whittaker, Hamilton County Sheriff's Department Deputy Douglas Todd, and Federal Bureau of Investigation Task Force Officer Donald Minnich. (Doc. 1, *PageID* 2). Plaintiff claims that he was wrongfully convicted of the underlying offense because Defendants falsified, fabricated, and destroyed evidence, tampered with witnesses, and engaged in perjury. *Id.* at 1, 8-14. For relief, Plaintiff seeks damages and "all other relief that is proper." *Id*. at 15.

## DISCUSSION

Although styled as a civil rights action, the claims in Plaintiff's Complaint unquestionably seek to challenge the validity of his underlying conviction. (*See* Doc. 1, PageID 1, 8-15). As such, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. ***A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.*** Thus, when a . . . prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted; emphasis added).  The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).  *Heck's* litigation bar applies with equal force to claims under *Bivens*.  *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998).

Plaintiff has not demonstrated that his conviction or sentence has been reversed on direct appeal, declared invalid, expunged by executive order, or called into question by collateral proceedings under 28 U.S.C. §§ 2254 or 2255.  *See Lanier v. Bryant,* 332 F.3d 999, 1005–06 (6th Cir. 2003).  In fact, on May 16, 2023, the District Court denied Plaintiff's motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255 in his criminal action.  *See Leedy v. U.S.*, No. 1:16-cr-36, 2023 WL 3479996 (S.D. Ohio May 16, 2023).  The Sixth Circuit denied Plaintiff a certificate of appealability.  *See Leedy v. U.S.*, No. 23-3701, 2024 WL 5440315 (6th Cir. Apr. 15, 2024).  Plaintiff's Complaint is therefore barred by *Heck* and should be dismissed.

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint (Doc. 1) **WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  *See also Powell v. Brown*, No. 2:22-cv-235, 2023 WL 355170, at *4 (W.D. Mich. Jan. 23, 2023) (citing *Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (finding that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same); *Sampson v. Garrett*, 917 F.3d 880, 882–83 (6th Cir. 2019) (noting that such a dismissal should be without prejudice) (in turn citing *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir. 1992)).

### IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  *See also Powell*,

      2023 WL 355170, at *4; *Hunt*, 482 F. App'x at 22 (6th Cir. 2012); *Morris*, 102 F. App'x at 903; *Sampson*, 917 F.3d at 882–83.

2.     The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 206 (2007).

<u>November 17, 2025</u>                                          <u>*s/Peter B. Silvain, Jr.*</u>
                                                                                                         Peter B. Silvain, Jr.
                                                                                                         United States Magistrate Judge

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).