**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Jory Leedy,**

***Plaintiff*,**

**v.**

**Case No. 3:25-cv-184**
**District Judge Thomas M. Rose**
**Magistrate Judge Peter B. Silvain, Jr.**

**John McGuire, et al.,**

***Defendants*.**

---

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 19)**

---

This case is before the Court on *Pro Se* Plaintiff's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). (Doc. 19.) Plaintiff seeks a ruling that the Court clearly erred in ruling that success in his 42 U.S.C. § 1983 claim against police officers, Job and Family Services employees, sheriff's deputies, and FBI Task Force Officers who partook in events leading to his guilty plea on charges of interstate trafficking of minors would not undermine his conviction for that activity. (*Id.*, PageID 79.)

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly

> discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *accord Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011) (quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

Plaintiff has made no showing sufficient to satisfy Rule 59(e), and his Motion is therefore **DENIED**.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith. The captioned cause remains closed upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** this Wednesday, August 19, 2026.

**s/THOMAS M. ROSE**

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE